IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS              CRIMINAL ACTION NO. 1:08cr22HSO-JMR

ALEJANDRO AMELO RODRIGUEZ

### ORDER AND REASONS DENYING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is Defendant's Motion to Dismiss filed March 28, 2008 [14-1], in the above captioned cause. The Government has tendered a timely Response. After due consideration of the evidence of record, the briefs of the parties, and the applicable law, and being otherwise fully advised in the premises, the Court finds that Defendant's Motion should be denied for the reasons that follow.

On or about January 29, 2008, a criminal complaint was signed and an arrest warrant was issued and subsequently executed. On February 20, 2008, an indictment was filed charging Defendant Rodriguez of being an unlawful alien in possession of a firearm in violation of 18 U.S.C. § 924(a)(2).

Defendant, in a *pro se* pleading[1], moves the Court to dismiss the indictment returned against him on the grounds that he has legal proof in the form of proper documentation that he is in this country lawfully. *See Def.'s Mot. to Dismiss at p. 1-*

---

[1] Defendant is currently represented by John W. Weber, III, Esq., of the Federal Public Defender Service.

*2.*

The Government contends that it has sufficiently alleged each of the elements required to charge an offense under 18 U.S.C. § 924.  *See Resp. to Def.'s Mot. to Dismiss at p. 6-9.*  In order to convict Defendant of being an illegal alien in possession of a firearm, the Government must show: (1) that Defendant was an illegal alien at the time of the offense; (2) that he knowingly possessed a firearm; and (3) that his possession of the firearm was in or affecting commerce. *See* 18 U.S.C. § 922(g)(5); *United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988).

Defendant offers no argument to contravene the validity of the charging instrument.  "An indictment ..., if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956).  On a motion to dismiss an indictment for failure to state an offense, which is a challenge to the sufficiency of the indictment, the court is to "take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)(*quoting United States v. Santos-Riviera*, 183 F.3d 367, 369 (5th Cir. 1999)).

The Court finds that Defendant has failed to present the Court with sufficient facts and/or evidence to support dismissal of the indictment.  Therefore, after consideration of all the evidence, the Court concludes that Defendant's Motion is not well taken and should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss filed March 28, 2008 [14-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 22nd day of April, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE