IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Crim. No. 1:08CR22HSO-JMR |
| | § |
| ALEJANDRO AMELO-RODRIGUEZ | § |

### ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

THE MATTER BEFORE THE COURT is Defendant's Motion for New Trial [42-1] filed May 20, 2008, by Defendant Alejandro Amelo-Rodriguez pursuant to FED. R. CRIM. P. 33. The Government has filed a Response and Defendant Amelo-Rodriguez has tendered a Rebuttal. After due consideration of the Motion, the Response, the Rebuttal, the pleadings on file and the relevant legal authorities, it is the Court's opinion that the Motion is not well-taken and must therefore be denied.

### DISCUSSION

A jury found Defendant guilty of a violation of 18 U.S.C. § 922 (g)(5)(A), namely being an illegal alien in possession of a firearm. Defendant Amelo-Rodriguez asserts that because of errors which occurred during the course of his trial, he was deprived his right to receive a fair trial. Specifically, Defendant argues that the Court erred: 1) in excluding evidence in support of his entrapment by estoppel defense; 2) in excluding evidence relating to Defendant's acquisition of the handgun in question; and 3) in permitting testimony regarding the size of the handgun that was found in Defendant's possession.

Defendant further takes issue with the Court's instructions to the jury,

namely the inclusion of § 212(d) of the Immigration and Nationality Act, because it "forced the jury to find that the Defendant was illegal or unlawful because his parole status expired." Def.'s Rebuttal at p. 6.

Pursuant to Rule 33 the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). When considering whether to grant a new trial, a "district court must carefully 'weigh the evidence and may assess the credibility of the witnesses', . . . however, it must not entirely usurp the jury's function, or simply set aside the jury's verdict because it runs counter to the result the district court believed was more appropriate." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005)(internal citations omitted).

> Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred. Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice, this power should be exercised infrequently by district courts, unless warranted by "exceptional" circumstances.

*Id.* (internal citations and quotations omitted).

Based upon a careful review of the record, the Court finds that there was sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Amelo-Rodriguez, as an alien no longer in parole status, knowingly possessed a firearm. This Court is bound to "view the evidence and all inferences to be drawn from it in the light most favorable to the verdict." *United States v. Ramirez*, 218 Fed. Appx. 368, 370 (5th Cir. 2007) *citing United States v. Delgado,* 401 F.3d 290 (5th

Cir. 2005). A conviction will be affirmed "if a rational trier of fact could have found the evidence established the essential elements of the crime beyond a reasonable doubt." *United States v. Davis*, 226 F.3d at 346, 354 (5th Cir. 2000), *citing United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997).

The Court is not persuaded that it committed any of the errors alleged by the Defendant. Even assuming the alleged errors occurred, the Court finds that they were not sufficiently prejudicial to warrant granting Defendant a new trial.

The Court has weighed the alleged errors asserted by Defendant against the record as a whole in evaluating the fairness of the trial. In so doing, this Court cannot say that a new trial is required in the interests of justice. Therefore, Defendants' Motion for New Trial should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant's Motion for New Trial [42-1] filed May 20, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of June, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE